RITCHIE v. OBDYKE et al.

(Circuit Court of Appeals, Third Circuit, December 21, 1894.)

No. 27.

1. PATENTABLE INVENTION—SHEET-METAL ELBOWS.

The making of elbows of longitudinally corrugated sheet metal, having only longitudinal seams, *held* to involve no invention, it appearing that conductors of corrugated metal and elbows of plain metal were both previously made with only longitudinal seams, and that corrugated elbows having transverse seams were also old. 65 Fed. 222 affirmed.

2. SAME.

The Ritchie patent, No. 342.465, for a "sheet-metal expansible elbow," *held* void for want of invention. 65 Fed. 222, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a bill by David A. Ritchie against Benjamin P. Obdyke and Austin W. Obdyke for infringement of a patent. The circuit court held the patent void for want of invention (see 65 Fed. 222), and complainant appealed.

Frederick P. Fish, for appellant.

Philip T. Dodge, for appellees.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The bill is for infringement of letters patent No. 342,465, issued May 25, 1886, to the plaintiff, for a "sheet-metal expansible elbow."

The claim is as follows:

"As an improved article of manufacture, a sheet-metal elbow, composed of curved and longitudinally corrugated pieces of metal having only longitudinal seams, whereby the said elbow is free to expand uniformly to avoid twisting, substantially as described."

The circuit court dismissed the bill; and this is the error assigned.

Does the elbow show patentable novelty? No other question need be considered. The substance of the claim is for an elbow formed of "curved and longitudinally corrugated pieces of metal, having only longitudinal seams." Conductors (such as these elbows are intended for) formed of "corrugated metal, having only longitudinal seams," were old. Such conductors, formed of plain metal with elbows having only longitudinal seams, were old; corrugated elbows formed by uniting short sections of such conductor pipe, with transverse seams, were also old. The plaintiff applied the longitudinal seams of the old corrugated conductor, and of the plain conductor and elbow, to the corrugated elbow. In this we cannot see invention. It improved the elbow, or cheapened its manufacture, possibly both.—In determining the question of invention utility plays an important part. It is not, however, conclusive. Combined with the presumption arising from the grant of letters it is sufficient to sustain a patent in the absence of evidence disproving invention. Here, however, in our judgment, such evidence is present. All the plaintiff did, substantially, was old. He simply bent and curved two longitudinal sections of corrugated metal, as such sections of plain metal had previously been bent and curved, and united them, as such sections had previously been united in forming pipes, and as had always been practiced in forming elbows of plain metal; or to state it differently, united the metal forming corrugated elbows precisely as it was previously united in corrugated conductors, and as it was always united in plain metal elbows.

Furthermore, every material thought involved in the patent is plainly expressed in Savoral's letters of 1864, for the "manufacture of tubing."

His specification says:

"Tubes made out of sheet metal generally, have many cross seams, which form as many obstructions to the free passage of fluids or gases conducted by such tubes. Curved tubes of sheet metal, made in the common way of several straight tubes of more or less length, according to the size of the sheets and the curvature, have not only many cross joints or seams, but offer far more resistance to the passage of fluids or gases by being polygons instead of real curves. * * * They are not so durable, are more difficult to repair and are more likely to leak. To avoid these obstructions, especially in the manufacture of curved tubes in bents and elbows, I form my tubes of two or more parts, according to the inside diameter required and to the width of the material to be used, which parts are to be punched out of sheet metal and shaped at once by this punching operation, or by the hammer or otherwise, and which parts are connected by single or double overlapping, by rivets or by soldering, as the case may require. These seams are always parallel to the longitudinal axis of the tube to be formed."

"The advantages of my invention are: * * * Secondly, all bents, elbows or curved tubes, such as spiral tubes for heating or cooling fluids or gases, may be made of the exact curvature desired, the inside perfectly smooth, and therefore offering less resistance to the passage of fluids or gases through them, etc. * * * Thirdly, such curved tubes may be made with less or wasted material and with great saving of labor," etc.

If this patent does not belong to the same art as the plaintiff's the two are very close akin.

The judgment is therefore affirmed.